*181
 
 Ruffin, C. J.
 

 One is at some loss to conjecture, why this suit should have been brought. The relator has a plain remedy against Cordon-on his note ; and, if he were to recover against the sureties, there could be little hesitation to relieve them in equity upon such dealings between their principal and his ward. However, that question is not before us now. But upon the question of law, our opinion concurs substantially with that of his Honor.
 

 The pleas are not drawn out; but according to a loose practice in which gentlemen of the bar indulge themselves, there is a memorandum of “conditions performed, and accord and satisfaction.” It is therefore understood, that proper pleas of those kinds are to be inserted in the record. It is contended for the relator, that he was entitled to the verdict and judgment, because his receipt, not being under seal, is not an acquittance or release of the bond now sued on ; and because one bond is not a satisfaction of another. Those rules are admitted; but they do not, we think, apply here. If this receipt had been an acquittance under seal, it could not have been pleaded as a release of this bond. It does not purport to be such ; and, indeed, the ward, not being the obligee in the bond, could not release it. It purports to be an acquittance of the demand of the ward against his late guardian, on the guardian account. Now, suppose it had been founded on actual payment in money, or to be in form a release of the balance of the account, pleas of payment or release of
 
 this bond
 
 would not be sustained thereby, considering this as an action of debt by the State and without connecting the relator with it. Yet no one can suppose, that, after such payment or release, a suit would lie on the guardian bond, in the name of the State, to recover, as damages to the relator for the breach of the condition, the very debt, which he had received ox-released. So, likewise, in respect to the other objection, that one bond does not merge in another, it is plain that it does not touch this question ; for the guardian bond is
 
 *182
 
 not a bond to the ward, and his demand against the guardian does not accrue on it, but upon the receipt by the guardian of the ward’s money. If, then, the ward were to sue for this debt in his own name, it would be in as-sumpsit for money had and received, or upon an account stated, or in equity for an account; and, undoubtedly, in either of those actions, it might be insisted, that the single contract was merged in the higher security of the bond, and in equity, the fair settlement would bar a decree for another account. Those defences are not to be annulled by allowing the ward, instead of suing in his own name, to institute an action of debt on the bond, in the name of the State, and by technical refinements in pleading, exclude them. The actions on these official bonds arc given to “any person injured or grieved and, as was said in
 
 State
 
 v.
 
 Lightfoot,
 
 2 Ired. 306, the object is to afford a cumulative remedy, which the party grieved has, independent of the bond. The bond does not create or preserve a cause of action for the relator, but is intended only as an additional security for a demand otherwise arising, which might be recovered by the relator in another action directly in bis own name. When he is entitled to no other suit, and has no demand which he could, himself, recover either at law, or in equity, it would be an absurdity to bold, that he was a person grieved, to whom the State gives the right of putting in suit the bond payable to her ; or that damages are to be assessed as sustained by him by a breach. Of necessity, then, the Court is obliged to look at the purposes of the action, and the nature of the recovery intended to be made in it. It is not given to every officious person, but only to such as may be injured, “to recover,” in the words of the Act of 1762, “all
 
 damages
 
 which
 
 he
 
 may have sustained by reason'of the breach of the condition of the bond.” The action on the bond is therefore answered by any matter establishing that the relator has no demand against the guardian, and therefore that he has sustained no damages.
 
 *183
 
 It is like a ease of a bond with condition for the performance of an agreement or covenant, contained in another instrument. To an action on such a bond it is a good plea, that the defendant performed all the covenants “in the said indenture,” contained,
 
 Gainsford
 
 v.
 
 Griffith,
 
 1 Saund. 51 $ or that the party discharged him therefrom. 3
 
 Chilly's Pl.
 
 789, Doug. 684. Thus, whatever would' answer an action on the covenants in the separate indenture, will also answer the action of debt on the obligation ; whether it be a performance, or discharge from the performance by release, or the satisfaction of the damages arising from a breach. For this suit is substantially for damages, and comes within the reasons in
 
 Blake's case,
 
 6 Rep. 43, that the duty does not accrue to the relator in certainty by the bond, but a wrong or default subsequent, together with the statute and the deed, gives him an action in the name of the State as the means of his recovering the damages to him from that default; and consequently a plea of satisfaction of
 
 those damages,
 
 or of a release of them, is good. It may be shewn either that the damages never arose by reason of performance of the covenants, or that the obligor had been discharged from performance, or that amends had been made for a breach of them to the relator. It could not have been the intention of the Legislature to enable one to recover in this form against the guardian and his sureties a demand, for which he could not maintain a suit against the guardian by himself, either at law or in equity. The bond in itself creates no legal duty to the ward; but it is intended only to secure such as have otherwise accrued and continue to subsist independently of the bond.
 

 Pjsr Curiam. Judgment affirmed.