Upon the trial, at MACON, at Fall Term, 1852, before his Honor,Bailey, J., the case was: The plaintiff, of whom the defendant, Vandyke, had been guardian, some three months after his arrival at full age, came to a settlement with said Vandyke; which settlement was made by a mutual friend of the parties, upon their joint admissions and the returns of the guardian, when it was ascertained and agreed by them, that the said Vandyke owed the plaintiff $304.83, and for this amount gave to the plaintiff his single bill with one Gray as surety, payable one day after the date of the same, but under a parol agreement that in consideration of the security given, the plaintiff should wait for the money twelve months. The plaintiff, subsequently thereto, for a consideration of two dollars and fifty cents received from Gray, erased his name from the note, and thereupon brought suit on the same against Vandyke, and by reason of said erasement, failed to recover.
(481) The present suit being referred for an account, it was ascertained and by the parties admitted, that in the settlement made between the plaintiff and Vandyke, above mentioned, there was a mistake against the plaintiff, in the computation of interest, of $5.15, and which was not embraced in his said single bill to the plaintiff. Gray, the surety, was solvent, but Vandyke, at the time said suit was brought on his note, was insolvent, and yet remains so.
His Honor charged the jury that if the single bill of Vandyke, with Gray as surety, was given by them, and received by the plaintiff in full satisfaction of what was then due by Vandyke as guardian, the plaintiff could not recover the amount thereof, but was entitled only to the sum of $5.15, with interest; under which instruction the jury returned a verdict for the plaintiff, for the sum of $ ____; and judgment having been rendered on the verdict, and the plaintiff being dissatisfied therewith, appealed to the Supreme Court.
That the plaintiff could not recover the $304.83, the amount of damages for which a note with security had been received in satisfaction, is settled. S. v. Cordon, 30 N.C. 179. Whether he had a right to recover the $5.15, is a question not now presented.
PER CURIAM. Judgment affirmed.
 *Page 9